FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -8 PM 4: 46

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | **SECTION "** |
| | * | **MAGISTRATE (3)** |
| | * | |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes Cosco Bulk Carrier Co., Ltd. ("COSCO") (erroneously referred to herein as COSCO Bulk Carriers Co., Ltd.), attempted to be made a defendant herein, in answer to the Petition for Damages and First Amending Complaint of Barney Neyland, with respect represents that:

### FIRST DEFENSE

The Petition for Damages and First Amending Complaint fail to state a claim, right, or cause of action upon which relief can be granted.

NO:99170703.1

## SECOND DEFENSE

According to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure, COSCO asserts that process and service of process are insufficient.

## THIRD DEFENSE

According to Rule (12)(b) to the Federal Rules of Civil Procedure, this Honorable Court lacks jurisdiction over the person of COSCO.

## FOURTH DEFENSE

AND NOW, specifically answering the allegations of the Petition for Damages, COSCO alleges and avers upon information and belief as follows:

I.

For lack of sufficient information to justify a belief, the allegations of Article I of the Petition for Damages are denied.

II.

For lack of sufficient information to justify a belief, the allegations of Article II of the Petition for Damages are denied.

III.

The allegations of Article III of the Petition for Damages are denied.

IV.

The allegations of Article IV of the Petition for Damages are denied.

V.

COSCO admits that the premises are within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. The remaining allegations of Article V of the

Petition for Damages contain conclusions of law that require no response. Should this Honorable

Court, however, deem an answer necessary, COSCO denies same.

VI.

The allegations of Article VI of the Petition for Damages are denied.

VII.

The allegations of Article VII and all unnumbered paragraphs of the Petition for

Damages are denied.

**FIFTH DEFENSE**

AND NOW, specifically answering the allegations of the First Amending Complaint,

COSCO alleges and avers upon information and belief as follows:

VIII.

The allegations of Article 1 of the First Amending Complaint are denied.

IX.

The allegations of Article 2 of the First Amending Complaint are denied.

X.

COSCO admits that it is a foreign corporation organized and existing under and by

virtue of the laws of the People's Republic of China. COSCO also admits that on January 15, 1999,

it managed the M/V SEA MILD and that Sea Mild Shipping, Inc., owned the M/V SEA MILD.

Except as admitted, the allegations of Article VII ((a) through (c)) and all unnumbered paragraphs

of the First Amending Complaint are denied.

**SIXTH DEFENSE**

In the alternative, COSCO avers that the actual injuries complained of were caused

solely by the plaintiff's own fault, negligence, inattention to duty, and/or failure to fulfill his duties

or by the negligence of plaintiffs' fellow longshoremen or other third parties for whom COSCO is

not responsible, and, under the circumstances, there can be no recovery against COSCO herein.

## SEVENTH DEFENSE

In the alternative, COSCO avers that the actual injuries complained of were the result

of a pre-existing injuries for which COSCO is not responsible.

## EIGHTH DEFENSE

In the alternative, and in the alternative only, should this Honorable Court determine

that plaintiffs' accidental injuries were caused by and/or contributed to by the negligence of COSCO,

which is specifically denied, the plaintiff has failed to mitigate his damages and any recovery due

plaintiff should be reduced accordingly.

WHEREFORE, defendant Cosco Bulk Carrier Co., Ltd., prays that this, its Answer,

be deemed good and sufficient and that after due proceedings had, there be judgment in its favor and

against plaintiff, Barney Neyland, dismissing the Complaint with prejudice at his cost, and all other

general and equitable relief. COSCO reserves the right to amend its Answer it develops further

information.

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____
    James H. Roussel (Bar No. 11496)
    E. Martin McLeod (Bar No. 24846)
    Canal Place
    365 Canal Street • Suite 2000
    New Orleans, Louisiana 70130-6534
    Telephone: (504) 566-1311
    Facsimile: (504) 568-9130 or 9007

ATTORNEYS FOR COSCO BULK CARRIER CO.,
LTD.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer and Defenses has been served on

Thomas M. Discon, Discon Law Firm, 424 N. Causeway Blvd., Suite A, Mandeville, LA 70448, and

on Robert H. Murphy, Murphy, Rogers & Sloss, 701 Poydras Street, Suite 400, One Shell Square,

New Orleans, Louisiana, 70139, and Alan G. Brackett, Esq., Mouledoux, Bland, Legrand &

Brackett, L.L.C., 650 Poydras Street, Suite 2150, New Orleans, Louisiana 70130, by First Class,

United States Mail, properly addressed and postage prepaid, this _____ day of May 2001.

JAMES H. ROUSSEL