

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | **SECTION "A"** |
| | * | **MAGISTRATE (3)** |
| | * | |

## MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, comes Cosco Bulk Carrier Co. (hereinafter "COSCO"), and for the reasons more fully set forth in the accompanying Memorandum in Support, moves this Honorable Court for an Order compelling Defendant, Transocean Terminal Operators, Inc., to respond to discovery propounded by COSCO on May 10, 2002.

NO 99297347 1

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____

James H. Roussel (Bar No. 11496)
E. Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130 or 9007

**ATTORNEYS FOR COSCO BULK CARRIER
CO., LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel has been served on

all counsel of record via first class U.S. mail, postage prepaid, this 9th day of August, 2002.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | **SECTION "A"** |
| | * | **MAGISTRATE (3)** |
| | * | |

## MEMORANDUM IN
## SUPPORT OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Cosco Bulk Carrier Co. (hereinafter "COSCO"), propounded Interrogatories and Request for Production of Documents to Defendant, Transocean Terminal Operators, Inc. (hereinafter "Transocean"), on May 10, 2002. (Exhibit "A"). Responses were not received within thirty (30) days and on July 15, 2002, undersigned counsel for COSCO wrote counsel for Transocean regarding receipt of responses. (Exhibit "B"). Counsel for Transocean assured undersigned counsel that discovery would be forwarded shortly, but it never was received. Thereafter, undersigned counsel again asked by telephone that the discovery be produced, to no avail. Finally, on August 2, 2002, undersigned counsel again wrote Transocean's counsel to request that its discovery responses be forwarded as soon as conveniently possible. (Exhibit "C"). To date, however, there has been no indication that those responses are forthcoming.

NO 99297347 1

As this Court is well aware, pursuant to Federal Rule of Civil Procedure 33(b)(3) and 34(b), a party has thirty (30) days within which to respond to discovery requests.

As indicated above, Transocean has failed to respond to COSCO's discovery requests within the thirty (30) day period. Moreover, undersigned counsel for COSCO has attempted on numerous occasions to amicably resolve Transocean's failure to respond to discovery requests. (See attached Certificate of Counsel, Exhibit "D"). Counsel for Transocean has no viable explanation for failing to provide responses and, accordingly, COSCO prays that this Honorable Court issue an order compelling Transocean to respond to COSCO's discovery requests **without objection**.

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____

James H. Roussel, T.A. (Bar No. 11496)
E. Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

**ATTORNEYS FOR COSCO BULK CARRIER CO., LTD.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Memorandum in Support of Motion to Compel has been served on all counsel of record via first class U.S. mail, postage prepaid, this 9thday of August, 2002.

_____

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | **SECTION "A"** |
| | * | **MAGISTRATE (3)** |
| | * | |

## INTERROGATORIES

**TO:**   Transocean Terminal Operators, Inc.
Through their counsel of record
Collins C. Rossi
2450 Severn Ave., Suite 312
Metairie, LA 70001

NOW INTO COURT, through undersigned counsel, comes Cosco Bulk Carrier Co., and propounds the following Interrogatories to be answered within the delays provided for by the applicable provisions of the Federal Rules of Civil Procedure:

## DEFINITIONS

1.   "YOU" or "YOUR" means Transocean Terminal Operators, Inc., and its agents, officers, employees, representatives, and attorneys, including, without limitation, and any of their predecessor or successor companies, corporations, or business entities.

NO 99275235.1



EXHIBIT

*A*

2.    "PERSON" and "PERSONS" refer to any and all individuals and entities, including, without limitation, individuals, representative persons, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus, and boards.

3.    "Relate to" (or a form thereof) means referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, relevant to, or regarding.

4.    "COMMUNICATION" means any exchange, transmission, or receipt (whether as listener, as addressee, as person called, or otherwise) of information, whether the exchange, the transmission, or the receipt is oral, written, or otherwise and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission, or receipt of any document of any kind whatsoever.

5.    "DOCUMENT" means any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, without limitation, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including, without limitation material stored electronically or

electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence. "DOCUMENT" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing. "DOCUMENTS" shall also include any and all things subject to discovery pursuant to the Federal Rules of Civil Procedure. "DOCUMENT" shall also include all "DOCUMENTS" (as defined herein) now in the possession, custody, or control of defendants, jointly and/or severally, or in the possession, custody or control of the present or the former counsel, the agents, the employees, or the others acting on behalf of defendants, jointly and/or severally, and shall also include all "DOCUMENTS" (as defined herein) known by defendants, jointly and/or severally, to exist, whether or not ever in defendant's possession. "DOCUMENT" also includes all copies of all documents by whatever means made. Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is a separate document.

6.    "INCIDENT" means the incident involving Barney Neyland on the M/V SEA MILD on January 14, 1999.

7.    The conjunctions "and" and "or"are conjunctive and disjunctive, as appropriate.

8.    "DATE" shall mean the exact day, month, and year, or, should you not know that detail, the best approximation thereof in relation to other events.

9.    "DESCRIBE," "STATE," "SET FORTH," or similar instructions or terms shall mean to describe and to state fully with all relevant details by reference to underlying facts, rather

than merely by reference to ultimate facts, conclusions or generalities (as to the time, place, or the manner unless the context clearly indicates otherwise).

10.    All accounting terms, legal terms, engineering terms, and other technical terms associated with a particular industry, profession or identifiable body of knowledge have the meanings customarily and ordinarily associated with those terms within that industry, profession, or discipline.

## **INSTRUCTIONS**

1.    These Interrogatories are of an ongoing nature. As a consequence, in addition to furnishing all information available to you at the time you answer these Interrogatories -- including information in the possession of your accountants, your attorneys, and your agents -- you must supplement your answers under the Federal Rules of Civil Procedure to the extent that you acquire information that responds to these Interrogatories.

2.    Wherever these Interrogatories request you to identify a series of persons, documents, oral communications, or things and to provide for each item certain information, please arrange your answer so as to list the information for each item to correspond with that particular item.

3.    In the event that your answer to any of these Interrogatories is to the effect your investigation is continuing, please state the following:

      a.    the nature and extent of the incompleteness of your answer;

      b.    the identity of every person involved in your investigation;

      c.    the acts that remain in order to enable you to provide a complete answer (*e.g.*, whether you are reviewing documents, interviewing witnesses, etc.); and

      d.    the date when you will provide a full answer.

4

4.    For each Interrogatory that you fail or refuse to make a full response on the grounds of any claim of privilege or attorney work product, please state the following:

    a.    the basis for your claim of privilege;

    b.    should you claim a "privileged communication," state the following:

        i.    the identity of every person who was a party to the communication;

        ii.    the subject matter of the communication;

        iii.    the date of the communication and the location of each party to the communication; and

        iv.    whether any other person was informed of the contents of the communication and if so, the identity of each such person;

    c.    should you claim "attorney work product," state the following:

        i.    the identity of every person who participated in preparing the product (other than secretarial or clerical assistants);

        ii.    the date of the preparation of the product;

        iii.    a description of the subject matter of the product; and

        iv.    whether any other person received a copy of the product and, if so, the identity of each such person.

5.    In answering any of the Interrogatories, should you encounter any ambiguity in construing an Interrogatory, or a definition or an instruction relating to any Interrogatory, set forth the matter you see as ambiguous and the construction you used.

6.    "Identify," when used in reference to a written or oral statement, shall mean: State the name of the speaker, the date of the statement, the place of the statement; the persons that heard the statement; the subject matter of the statement, whether the statement was memorialized in a writing or other recording, and the date and the current location of the writing or other recording.

7.    "Identify," when used in connection with an individual, shall mean: State the name, the current business and current personal addresses, the current employer, the position or the title, the duties and the scope of duties, and the information as it existed at the time covered by the Interrogatory.

8.    In the event that any document called for by these Interrogatories has been lost, destroyed or discarded, identify that document by stating (i) any addressor and addressee, (ii) any indicated or blind copies, (iii) the document's date, subject matter, number of pages, and attachments or appendices, (iv) all persons to whom the document was distributed, shown, or explained, (v) the date of loss, destruction, or discard, (vi) the manner of loss, destruction, or discard, and the reason for the loss, the destruction, or the discard, (vii) the persons who were authorized to carry out destruction or discard; and (viii) whether copies of the documents exist and the name of the custodian of each copy.

9.    In each instance that you answer an Interrogatory on information and belief, set forth the basis for your information and belief.

10.    To the extent that any information called for by these Interrogatories and requests is unknown to you, state so, and set forth such remaining information as you know it.

**INTERROGATORY NO. 1**:

Please state the total amount of LHWCA benefits that YOU have paid to plaintiff as a result of this INCIDENT.

**INTERROGATORY NO. 2**:

Please state whether any investigation of this accident was performed by YOU. If YOUR answer to this interrogatory is yes, please state the name, address, current employment status, and telephone number of the person or persons who investigated said accident, the date said accident was investigated.

**INTERROGATORY NO. 3**:

Please identify the name, address and telephone number of any person who may have any information that is relevant to this INCIDENT.

**INTERROGATORY NO. 4**:

Please state the name and address of any person from whom YOU have interviewed or taken statements, whether oral or written, concerning the INCIDENT.

**ITERROGATORY NO. 5**:

Please identify the name, address and telephone number of any experts that you have retained in this matter and/or the name, address and telephone number of any investigator that you have retained in connection with this matter.

**INTERROGATORY NO. 6**:

Please state the name, title, address, and telephone number of any of YOUR employees who may have performed any work of any nature on the SEA MILD on January 15, 1999.

**INTERROGATORY NO. 7**:

Please state whether YOU made any complaints to any M/V SEA MILD crewmembers concerning the condition of the M/V SEA MILD crewmembers concerning the condition of the M/V SEA MILD during discharge in January 1999. If you respond yes, please state what the complaint(s)

was/were, which of YOUR employees made said complaint, the name and identity of the M/V SEA

MILD to whom your employee complained, and the response YOUR employee received concerning

said complaint(s), i.e., whether any corrective measures were taken.

Respectfully submitted,

PHELPS DUNBAR LLP

By:    _l u m_____

James H. Roussel (Bar No. 11496)
E. Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

ATTORNEYS FOR COSCO BULK CARRIER CO.,
LTD.

CERTIFICATE OF SERVICE

I hereby certify that I have on this __10^TH__ day of May, 2002, served a copy of the

foregoing on all counsel of record via facsimile and/or the United States Postal Service, properly

addressed and postage prepaid.

_l m ~_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARNEY NEYLAND | * | CIVIL ACTION |
| VERSUS | * | NO. 00-106 |
| HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL. | * | SECTION "A" |
| | * | MAGISTRATE (3) |
| | * | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:**    Transocean Terminal Operators, Inc.
Through their counsel of record
Collins C. Rossi
2450 Severn Ave., Suite 312
Metairie, LA 70001

NOW INTO COURT, through undersigned counsel, comes Cosco Bulk Carrier Co., and propounds the following Request for Production of Documents to be answered within the delays provided for by the applicable provisions of the Federal Rules of Civil Procedure:

## DEFINITIONS

1.    "YOU" or "YOUR" means Transocean Terminal Operators, Inc., and its agents, officers, employees, representatives, and attorneys, including, without limitation, and any of their predecessor or successor companies, corporations, or business entities.

NO 99275240.1

2.    "PERSON" and "PERSONS" refer to any and all individuals and entities, including, without limitation, individuals, representative persons, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus, and boards.

3.    "Relate to" (or a form thereof) means referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, relevant to, or regarding.

4.    "COMMUNICATION" means any exchange, transmission, or receipt (whether as listener, as addressee, as person called, or otherwise) of information, whether the exchange, the transmission, or the receipt is oral, written, or otherwise and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission, or receipt of any document of any kind whatsoever.

5.    "DOCUMENT" means any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, without limitation, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including, without limitation material stored electronically or

electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence. "DOCUMENT" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing. "DOCUMENTS" shall also include any and all things subject to discovery pursuant to the Federal Rules of Civil Procedure. "DOCUMENT" shall also include all "DOCUMENTS" (as defined herein) now in the possession, custody, or control of defendants, jointly and/or severally, or in the possession, custody or control of the present or the former counsel, the agents, the employees, or the others acting on behalf of defendants, jointly and/or severally, and shall also include all "DOCUMENTS" (as defined herein) known by defendants, jointly and/or severally, to exist, whether or not ever in defendant's possession. "DOCUMENT" also includes all copies of all documents by whatever means made. Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is a separate document.

6.    "INCIDENT" means the incident involving Barney Neyland on the M/V SEA MILD on January 14, 1999.

7.    The conjunctions "and" and "or" are conjunctive and disjunctive, as appropriate.

8.    "DATE" shall mean the exact day, month, and year, or, should you not know that detail, the best approximation thereof in relation to other events.

9.    "DESCRIBE," "STATE," "SET FORTH," or similar instructions or terms shall mean to describe and to state fully with all relevant details by reference to underlying facts, rather

than merely by reference to ultimate facts, conclusions or generalities (as to the time, place, or the manner unless the context clearly indicates otherwise).

10.     All accounting terms, legal terms, engineering terms, and other technical terms associated with a particular industry, profession or identifiable body of knowledge have the meanings customarily and ordinarily associated with those terms within that industry, profession, or discipline.

## INSTRUCTIONS

1.     These requests are of an ongoing nature. As a consequence, in addition to furnishing all of the documents available to you at the time you respond to these requests -- you must supplement your responses under the Federal Rules of Civil Procedure to the extent that you acquire materials that respond to these requests.

2.     For each request that you fail or refuse to make a full response on the grounds of any claim of privilege or attorney work product, please state the following:

    a.     the basis for your claim of privilege;

    b.     should you claim a "privileged communication," state the following:

        i.     the identity of every person who was a party to the communication;

        ii.     the subject matter of the communication;

        iii.     the date of the communication and the location of each party to the communication; and

        iv.     whether any other person was informed of the contents of the communication and if so, the identity of each such person;

    c.     should you claim "attorney work product," state the following:

     i.       the identity of every person who participated in preparing the product (other than secretarial or clerical assistants);

     ii.      the date of the preparation of the product;

     iii.     a description of the subject matter of the product; and

     iv.    whether any other person received a copy of the product and, if so, the identity of each such person.

3.     In responding to these requests, should you encounter any ambiguity set forth the matter you see as ambiguous and the construction you selected.

4.     In the event that you contend that you have lost any document, identify that document by stating (i) any addressor and addressee, (ii) any indicated or blind copies, (iii) the document's date, subject matter, number of pages, and attachments or appendices, (iv) all persons to whom the document was distributed, shown, or explained, (v) the date of loss, destruction, or discard, (vi) the manner of loss, destruction, or discard, and the reason for the loss, the destruction, or the discard, (vii) the persons who were authorized to carry out destruction or discard; and (viii) whether copies of the documents exist and the name of the custodian of each copy.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a copy of plaintiff's entire personnel and medical files, including without limitation wage, payroll records, timesheets and preemployment physicals.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of any accident reports that YOU prepared in connection with the INCIDENT.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce a copy of any statements that YOU obtained in connection with the INCIDENT.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce a copy of YOUR billing records, work tickets, daily logs, schedules, statement of facts, or any other similar documents and/or other logs made in connection with the M/V SEA MILD's January 1999 port call in New Orleans.

**REQUEST FOR PRODUCTION NO. 5**:

Please produce a copy of any and all accident reports YOU generated as a result of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any documents reflecting any settlement that YOU have with the plaintiff concerning YOUR obligations under the LHWCA.

**REQUEST FOR PRODUCTION NO. 7**:

Please produce a copy of each and every email or other correspondence or document that YOU created as a result of this INCIDENT.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce a list of any and all equipment and/or instructions furnished by YOU to plaintiff on the date of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce any photographs or videotapes that YOU have concerning this INCIDENT.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce any audio tapes of any statements that YOU possess concerning the INCIDENT.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce any and all medical records that YOU have concerning the plaintiff.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce any and all safety records, safety training videos, safety policies, safety handbooks, and safety training documents or tests that were in effect or provided to plaintiff as of the INCIDENT date.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce any contracts or other documents between YOU and HYUNDAI MERCHANT MARINE (AMERICA), INC., et al.

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____

James H. Roussel (Bar No. 11496)
E. Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

**ATTORNEYS FOR COSCO BULK CARRIER CO., LTD.**

CERTIFICATE OF SERVICE

I hereby certify that I have on this _10TH_ day of May, 2002, served a copy of the foregoing on all counsel of record via facsimile and/or the United States Postal Service, properly addressed and postage prepaid.

_____

# PHELPS DUNBAR LLP
### —— COUNSELORS AT LAW ——

New Orleans, LA

Baton Rouge LA

Houston, TX

London England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

www.phelpsdunbar.com

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

EVANS MARTIN MCLEOD
New Orleans Office
Admitted in Louisiana and Mississippi
mcleodm@phelps.com

July 15, 2002

6869-83

**VIA FACSIMILE**

Collins C. Rossi, Esq.
2450 Severn Ave., Suite 312
Metairie, LA 70001

      Re:    Barney Neyland vs. Hyundai Merchant Marine (America), Inc.
              USDC, EDLA, No. 00-0106, "A", (3)

Dear Mr. Rossi:

      I received your letter of July 10, 2002.  Please note that as per our previous discussions and agreement thereto, you will answer our outstanding discovery requests and, thereafter, we will have no objection to you filing your Motion to Dismiss your intervention (after we are satisfied with the discovery responses).

      I appreciate your courtesies in this regard.

                            Yours very truly,

                            Evans Martin McLeod

EMM/pw

NO 99291857 1

**EXHIBIT**

B

# PHELPS DUNBAR LLP
—————— COUNSELORS AT LAW ——————

New Orleans, LA

Baton Rouge, LA

Houston TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

www.phelpsdunbar.com

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

EVANS MARTIN McLEOD
New Orleans Office
Admitted in Louisiana and Mississippi
mcleodm@phelps.com

August 2, 2002

6869-83

**VIA FACSIMILE**

Collins C. Rossi, Esq.
2450 Severn Ave., Suite 312
Metairie, LA 70001

     Re:    Barney Neyland vs. Hyundai Merchant Marine (America), Inc.
          USDC, EDLA, No. 00-0106, "A", (3)

Dear Mr. Rossi:

     In addition to the outstanding discovery, I would like to depose those TTO employees who worked with plaintiff at the time of his incident. I understand that one of these supervisors is Glen Afard and another one was a man identified only as "Ollie."

     To the extent your outstanding discovery responses contain others, I would like to depose them as well.

     I look forward to hearing from you.

                Yours very truly,

                Evans Martin McLeod

EMM/pw

NO 99296951 1

**EXHIBIT**
_C_

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARNEY NEYLAND | * | CIVIL ACTION |
| VERSUS | * | NO. 00-106 |
| HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL. | * | SECTION "A" |
| | * | MAGISTRATE (3) |
| | * | |

## ORDER

Considering the foregoing Motion to Compel filed by Cosco Bulk Carrier Co. (hereinafter "Cosco") and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Compel filed by Cosco be and hereby is GRANTED, and Transocean is hereby ordered to respond to the discovery propounded upon it on May 10, 2002.

New Orleans, Louisiana, this ____ day of August, 2002.

_____

UNITED STATES DISTRICT JUDGE

NO 99297347 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARNEY NEYLAND | * | CIVIL ACTION |
| VERSUS | * | NO. 00-106 |
| HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL. | * | SECTION "A" |
| | * | MAGISTRATE (3) |
| | * | |

### CERTIFICATE OF VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

       I, E. Martin McLeod , counsel for Cosco Bulk Carrier Co., hereby verify that I have attempted, by both letter and telephone conversations, to amicably resolve the instant discovery dispute without success in compliance with Local Rule 37.1(E).

 

_____

E. MARTIN MCLEOD

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 9TH DAY OF
AUGUST, 2002.

NOTARY PUBLIC
ROBIN C MINTURN
NOTARY PUBLIC
NO 99297347 1 MY COMMISSION IS FOR LIFE

-5-

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | **SECTION "A"** |
| | * | **MAGISTRATE (3)** |
| | * | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that undersigned counsel will bring on for hearing the accompanying Motion to Compel, before the Honorable Alma L. Chasez, United States Magistrate Judge, Eastern District of Louisiana, 501 Magazine Street, New Orleans, Louisiana, on the 28th day of August, 2002, at 11:00 a.m.

NO 99298387 1

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____

James H. Roussel (Bar No. 11496)
E. Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130 or 9007

**ATTORNEYS FOR COSCO BULK CARRIER CO., LTD.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Compel has been served on all counsel of record via first class U.S. mail, postage prepaid, this 9th day of August, 2002.

_____