FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 APR 11 PM 4:57

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | SECTION "X" B |
| | * | MAGISTRATE (3) 5 |
| | * | |

### ANSWER AND DEFENSES ON BEHALF OF SEA MILD SHIPPING, INC. AND THE WEST OF ENGLAND SHIPOWNERS INSURANCE SERVICES LTD.

NOW INTO COURT, through undersigned counsel, come Sea Mild Shipping, Inc. ("Sea Mild Shipping") and The West of England Shipowners Insurance Services Ltd. ("The West of England"), which in response to the Petition for Damages, First Amending Complaint, and Second Amending Complaint, respectfully avers, upon information and belief, as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim, right, or cause of action upon which relief can be granted.

NO:99360382.1

___ Fee _____
___ Process _____
_X_ Dktd _CRD_
___ CtRmDep _____
     Doc. No. _55_

## SECOND DEFENSE

AND NOW, specifically answering the allegations of the Petition for Damages, Sea Mild Shipping and The West of England allege upon information and belief as follows:

1.

For lack of sufficient information to justify a belief, the allegations of Article I of the Petition for Damages are denied.

2.

For lack of sufficient information to justify a belief, the allegations of Article II of the Petition for Damages are denied.

3.

The allegations of Article III of the Petition for Damages are denied.

4.

The allegations of Article IV of the Petition for Damages are denied.

5.

Sea Mild Shipping and The West of England admit that the premises are within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. The remaining allegations of Article V of the Petition for Damages contain conclusions of law that require no response. Should this Honorable Court, however, deem an answer necessary, Sea Mild Shipping and The West of England deny same.

6.

The allegations of Article VI of the Petition for Damages are denied.

7.

The allegations of Article VII and all unnumbered paragraphs of the Petition for Damages are denied.

**FIFTH DEFENSE**

AND NOW, specifically answering the allegations of the First Amending Complaint, Sea Mild Shipping and The West of England allege and aver upon information and belief as follows:

8.

In response to the allegations of Article 1 of the First Amending Complaint, Sea Mild Shipping, Inc. and The West of England reallege and reaver each and every answer and defense contained in its answer and defenses to the Petition for Damages as if set forth and copied fully herein *in extenso*.

9.

The allegations of Article 2 of the First Amending Complaint are denied except to admit that Sea Mild Shipping and The West of England are foreign corporations organized and existing under and by virtue of laws of a country other than that of the United States. Sea Mild Shipping admits that on date of the incident, January 15,1999, it owned the M/V SEA MILD. Except as admitted, the allegations of Article VII((a) through (c)) and all unnumbered paragraphs of the First Amending Complaint are denied.

**SIXTH DEFENSE**

In the alternative, Sea Mild Shipping and The West of England aver that the actual injuries complained of were caused solely by the plaintiff's own fault, negligence, inattention to duty, and/or failure to fulfill his duties or by the negligence of plaintiffs' fellow longshoremen or other third

parties for whom Sea Mild Shipping and The West of England are not responsible, and, under the circumstances, there can be no recovery against Sea Mild Shipping and The West of England herein.

### SEVENTH DEFENSE

In the alternative, Sea Mild Shipping and The West of England aver that the actual injuries complained of were the result of a pre-existing injuries for which Sea Mild Shipping and The West of England are not responsible.

### EIGHTH DEFENSE

In the alternative, and in the alternative only, should this Honorable Court determine that plaintiffs' accidental injuries were caused by and/or contributed to by the negligence of Sea Mild Shipping and The West of England which is specifically denied, the plaintiff has failed to mitigate his damages and any recovery due plaintiff should be reduced accordingly.

### NINTH DEFENSE

AND NOW, specifically answering, answering the allegations of the Second Amending Complaint, Sea Mild Shipping and The West of England allege and aver upon information and belief as follows:

10.

In response to the allegations of Article 1 of the Second Amending Complaint, Sea Mild Shipping and The West of England reallege and reaver every answer and defense contained in their answer and defenses to the Petition for Damages and First Amending Complaint as if set forth fully herein and copied *in extenso*.

11.

In response to the allegations of Article 2 of the Second Amending Complaint, Sea Mild Shipping and The West of England submit that it is not necessary for them to admit or deny same.

The West of England represents that at the time of the accident on January 15, 1999, the West of England provided protection and indemnity coverage for which the M/V SEA MILD was an entered vessel. Said protection and indemnity coverage is subject to the rules of entry of The West of England, and The West of England pleads the terms and conditions of said rules of entry as if set forth fully and copied herein *in extenso*.

## TENTH DEFENSE

The plaintiff's claims against Sea Mild Shipping and The West of England are time-barred and/or subject to the doctrine of laches.

## ELEVENTH DEFENSE

According to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure, Sea Mild Shipping and The West of England assert that process and service of process are insufficient.

## TWELFTH DEFENSE

According to Rule (12)(b)(2) to the Federal Rules of Civil Procedure, this Honorable Court lacks jurisdiction over the person of Sea Mild Shipping.

## THIRTEENTH DEFENSE

According to Rule (12)(b)(7) to the Federal Rules of Civil Procedure, the plaintiff has failed to join a feasible party to this case.

WHEREFORE, defendants Sea Mild Shipping and The West of England, pray that this, its Answer to the Petition for Damages, the First Amending Complaint, and the Second Amending Complaint, be deemed good and sufficient and that after due proceedings had, there be judgment in its favor and against plaintiff, Barney Neyland, dismissing the Petition for Damages, the First Amending Complaint, and the Second Amending Complaint, with prejudice at his cost, and all other

general and equitable relief. Sea Mild Shipping and The West of England reserve the right to amend their respective Answer and Defenses as they develop further information.

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____
James H. Roussel (Bar No. 11496)
E. Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

ATTORNEYS FOR SEA MILD SHIPPING, INC. AND THE WEST OF ENGLAND SHIPOWNERS INSURANCE SERVICES LTD.

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of April, 2003, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____