

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NUMBER:  00-106 |
| | * | |
| **HYUNDAI MERCHANT MARINE** | * | SECTION: "B" |
| **(AMERICA), INC.** | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | MAGISTRATE: (5) |

### MEMORANDUM IN OPPOSITION TO
### MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

### DEFENDANT HAS FAILED TO MEET ITS BURDEN

Defendant in section II of its brief in this case cites Rule 56(c) of the Federal Rules of Civil Procedure stating "summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with <u>the affidavits</u>, if any, show that there is no genuine issues to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)." Defendant further states that once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.

In this case, defendant fails to meet its initial required burden. First, defendant violates Rule 56 by using as supporting documentation to its motion unsworn statements. Rule 56(c) of the

Federal Rules of Civil Procedure states "supporting and opposing affidavits shall be made on personal knowledge . . . and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Rule 56 requires sworn affidavits, not unsworn self-serving unauthenticated statements. In the context of a motion for summary judgment, unsworn statements are not evidentiary in nature. Fremains v. Ford Motor Co., 258 F. Supp. 2d 24 D. Puerto Rico, 2003, and Gant v. Sabine Pilots, 204 F.Supp. 2d 977, E.D. Tex. 2002. Courts may not consider unsworn statements as evidence in determining the propriety of summary judgment since such statements do not comply with the requirements of Rule 56(e).

In this case, Exhibit B is the "unsworn declaration" of defendant crew member, Wang Chun Jiu. Exhibit B is not only titled an "unsworn declaration" but is also not an affidavit as is required by Rule 56(e). In the content of Exhibit B, particularly paragraph 12, additional Exhibit A is attached as a part of Exhibit B. Then in paragraph 13, an additional Exhibit B, alleged records of the M/V Sea Mild are attached. And then, additional Exhibits C and D are also attached as a part of Exhibit B, the "unsworn declaration of defendant crew member, Wang Chun Jiu. All of the above referenced documents, Exhibit B with attachments Exhibits A-D are improper evidentiary documents under Rule 56 and should not be considered in connection with defendant's Motion for Summary Judgment.

Furthermore, Exhibit C, a survey of the M/V Sea Mild specifically requested concerning the personal injury of complainant herein by owners of the M/V Sea Mild and its P&I Underwriters, is an unauthenticated unsworn statement that does not qualify under Rule 56(e) as well. None of the unsworn statements are affidavits as is required by Rule 56 and said unsworn statements should not be considered in this Motion for Summary Judgment. Defendant has failed to meet its burden and

summary judgment must be denied.

## SPOLIATION OF EVIDENCE

In this case, complainant was seriously injured when the wire rope cargo runner to the #4 crane of the M/V Sea Mild parted causing the wire rope to strike the crane cab and damaging the cab and complainant while complainant was operating the crane. Immediately following the accident herein, defendants and its protection and indemnity underwriters hired a marine surveyor to specifically investigate the accident involving Mr. Neyland. That report of Technical Maritime Associates was attached to defendant's Motion for Summary Judgment as Exhibit C. Further stated in the report was that the parted cable was replaced in port immediately following the accident.

Attached hereto as Exhibit 1 is the recent letter of counsel for the owners and underwriter wherein, only after court order following a Motion to Compel Inspection of the parted wire, counsel for defendant advises that the parted wire rope involved in complainant's accident was discarded by the vessel's owners shortly following its replacement.

Under the spoliation of evidence rule, an adverse inference may be drawn against a party who destroys relevant evidence. Even though application of the rule could prove to be critical to a party's recovery on a claim, it is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court. Consequently, a party need not indicate its intent to invoke the spoliation rule in the pleadings. *See* Donohoe v. American Isuzu Motors, Inc., 155 F.R.D. 515, 520 (M.D.Pa. 1994). The spoliation rule is not an affirmative defense preventing recovery, but only "leads to the exclusion of evidence or the admission of negative evidence." Vodusek v. Bayliner Marine Corp., 71 F.3d 148 (4th Cir. 1995).

As a general proposition, the trial court has broad discretion to permit a jury to draw adverse inferences from a party's failure to present evidence, the loss of evidence, or the destruction of evidence. While a finding of bad faith suffices to permit such an inference, it is not always necessary. *See* Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993). To draw an adverse inference from the absence, loss or destruction of evidence, it would have to appear that the evidence would have been relevant to an issue at trial and otherwise would naturally have been introduced into evidence. Even the mere failure, without more, to produce evidence that naturally would have elucidated a fact at issue permits an inference that "the party fears [to produce the evidence]; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.

A party's failure to produce evidence may, of course, be explained satisfactorily. When a proponent cannot produce original evidence of a fact because of loss or destruction of evidence, the court may permit proof by secondary evidence. *See* Fed.R.Evid. 1004(1). But when a proponent's intentional conduct contributes to the loss or destruction of evidence, the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct. *See* Welsh v. United States, 844 F.2d 1239, 1246 (6th Cir. 1988); Nation-Wide Check Corp. v. Forest Hills Dist., Inc., 692 F.2d 214, 218 (1st Cir. 1982). Even if a court determines not to exclude secondary evidence, it may still permit the jury to draw unfavorable inferences against the party responsible for the loss or destruction of the original evidence. An adverse inference about a party's consciousness of the weakness of his case, however, cannot be drawn merely from his negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful

conduct resulted in its loss or destruction. Id. at 217-218.

In this case, a wire rope owned by the ship's owner parted and injured complainant. Based upon defendant's counsel's letter and the report of the marine surveyor in this matter, the vessel interest intentionally discarded the failed wire rope while still in port following the incident. There can be no question that a metallurgical examination of the parted wire rope would have determined the reason for the parting. Instead, complainant has been left without the wire rope and self serving statements from a marine surveyor who is not a metallurgist and who did not perform any metallurgical testing or examination upon the wire rope. Defendant has discarded the one piece of evidence which through nondestructive microscopic investigation the cause of the parting of the wire rope easily could have been determined.

As a result of defendant discarding the only evidence that would be determinative of a claim against said defendant, a presumption should be imposed or constituted in these proceedings that evidence which could have been obtained from the parted wire rope's examination would have disclosed that defendant was negligent in its maintenance and/or failure to discover the defective condition of the wire rope.

In Glen Southern Shipping v. Norfolk Towing Corp, 135 F.Supp 146, D.C. Va. 1955, the district court instituted a presumption of unseaworthiness against a towing company due to its removing and discarding a parted towing wire hauser without notifying the barge owner, its insurers and/or their proctors in order that appropriate testing could have been conducted by both parties to determine the condition of the towing hauser. The same result should occur in this case. A presumption should be imposed against defendant that defendant either failed to properly maintain the wire rope and/or failed to properly discover its defective condition. Accordingly, summary

judgment should be denied.  Summary judgment is an inappropriate vehicle to dispose of a case where the movant has destroyed the one piece of evidence that would be determinative of the case's outcome.

Respectfully submitted,

DISCON LAW FIRM, L.L.C.

BY: _____
THOMAS M. DISCON, T.A. #14219
JOHN G. DISCON, #4961
SCOTT G. DISCON, #20167
424 N. Causeway Boulevard, Suite A
Mandeville, Louisiana 70448
Telephone: (985) 674-9748
Attorneys for Complainant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, this 28th day of June, 2005.

_____
THOMAS M. DISCON

# PHELPS DUNBAR LLP
## COUNSELORS AT LAW

New Orleans, LA  
Baton Rouge, LA  
Houston, TX  
London, England  

Canal Place  
365 Canal Street • Suite 2000  
New Orleans, Louisiana 70130-6534  
(504) 566-1311  
Fax (504) 568-9130  

Jackson, MS  
Tupelo, MS  
Gulfport, MS  
Tampa, FL  

**EVANS MARTIN MCLEOD**  
Partner  
New Orleans Office  
Admitted in Louisiana and Mississippi  
mcleodm@phelps.com  

www.phelpsdunbar.com  

June 17, 2005

6869-83

BY FAX

Mr. Thomas M. Discon  
Discon Law Firm  
424 North Causeway Boulevard  
Suite A  
Mandeville, Louisiana 70448

Re: *Barney Neyland v. Hyundai Marine (America), Inc., et al*  
USDC No.: 00-0106 "A" (3)

Dear Tom:

As a supplement to our Response to Plaintiff's Request for Production of Documents and with respect to your request for the vessel interests to produce the crane cable that parted, I am informed that it was discarded by vessel interests shortly after it was replaced.

Yours very truly,

E. Martin McLeod

EMM/pw

NO:99539160.1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARNEY NEYLAND | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER:   00-106 |
| | * | |
| HYUNDAI MERCHANT MARINE | * | SECTION: "B" |
| (AMERICA), INC. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | MAGISTRATE: (5) |

### CONCISE STATEMENT OF MATERIAL FACT

NOW INTO COURT, comes Complainant, who files the following Concise Statement of Material Fact in connection with the Motion for Summary Judgment filed by defendant herein.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied, the documentation supplied by movant is inappropriate evidence to consider on summary judgment.

7. Denied, the documentation supplied by movant is inappropriate evidence to consider on summary judgment.

8. Denied, the documentation supporting this alleged uncontested fact is inappropriate

summary judgment evidence. Furthermore, due to defendant's spoliation of evidence, a presumption should be instituted against the defendant herein.

Respectfully submitted,

DISCON LAW FIRM, L.L.C.

BY: _____
THOMAS M. DISCON, T.A. #14219
JOHN G. DISCON, #4961
SCOTT G. DISCON, #20167
424 N. Causeway Boulevard, Suite A
Mandeville, Louisiana 70448
Telephone: (985) 674-9748
Attorneys for Complainant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, this 28th day of June, 2005.

_____
THOMAS M. DISCON