FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 JUN 28 PM 4:29
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC.** | * | **SECTION "B"** |
| * * * * * * * | * | **MAGISTRATE: (5)** |

**MOTION *IN LIMINE***

NOW INTO COURT, through undersigned counsel, comes Sea Mild Shipping, Inc. ("Sea Mild Shipping"), COSCO Bulk Carriers Co., Ltd. ("COSCO"), and The West of England Shipowners Insurance Services Ltd. ("West of England"), known collectively as, ("Sea Mild"), which moves the Court to exclude Plaintiff from introducing any and all expert witness testimony and/or evidence at trial, because Plaintiff failed to tender any expert reports to Sea Mild prior to the expiration of the May 6, 2005, deadline set at the December 16, 2004, Preliminary Pre-Trial Scheduling Conference and Plaintiff also has failed to answer and/or supplement discovery responses directed at the identity of expert witnesses and expert reports.



___ Fee______
___ Process______
X Dktd______
___ CtRmDep______
___ Doc. No ______

WHEREFORE, for the reasons set forth in the accompanying Memorandum in Support of Motion *in Limine*, Sea Mild urges the Court to grant it the relief that it seeks.

Respectfully submitted,

PHELPS DUNBAR LLP

By: ______________________________

James H. Roussel (Bar No. 11496)
Evans Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

ATTORNEYS FOR SEA MILD SHIPPING, INC., COSCO BULK CARRIERS CO., LTD., AND THE WEST OF ENGLAND SHIPOWNERS INSURANCE SERVICES LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 28th day of June, 2005, served a copy of the foregoing on all counsel of record via facsimile and/or the United States Postal Service, properly addressed and postage prepaid.

______________________________

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC.** | * | **SECTION "B"** |
| * * * * * * * | * | **MAGISTRATE: (5)** |

**MEMORANDUM IN SUPPORT OF**
**MOTION *IN LIMINE***

**MAY IT PLEASE THE COURT:**

Sea Mild Shipping, Inc. ("Sea Mild Shipping"), COSCO Bulk Carriers Co., Ltd. ("COSCO"), and The West of England Shipowners Insurance Services Ltd. ("West of England"), known collectively as, ("Sea Mild") moves this Court to exclude the Plaintiff from introducing any and all expert witness testimony or evidence at trial because (i) Plaintiff failed to tender any expert reports to Sea Mild prior to the expiration of the May 6, 2005, deadline set at the December 16, 2004, Preliminary Pre-Trial Scheduling Conference; and (ii) Plaintiff has failed to answer and/or

supplement discovery responses directed at the identity of expert witnesses and expert reports.[1] For these simple reasons, this Court should exclude Plaintiff from introducing any and all expert witness testimony at trial.

## II. BACKGROUND

In this case, Plaintiff alleges that he was a longshoreman injured aboard a vessel that was afloat on the navigable waters of the United States. Accordingly, as an employee of Transocean Terminal Operators ("TTO"), Plaintiff alleges that he is covered by the Longshore Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. §901, *et seq.*[2] His claims against Sea Mild are in their capacity as the owner, operator, and/or insurer of the M/V SEA MILD and for "vessel negligence" under 905(b) of the LHWCA.

On January 15, 1999, Plaintiff served as a crane operator for the No. 4 crane on the M/V SEA MILD, as steel beams were being off-loaded from the No. 4 cargo hold. Plaintiff alleges that he sustained injury when, unexpectedly, the No. 4 wire rope cargo runner parted and one end lashed back striking the No. 4 crane cabin's front window glass.

The Plaintiff originally filed suit in this matter against Sea Mild in Orleans Parish Civil District Court, however, the case was removed and filed in this Court on January 11, 2000.[3] There is a long procedural history in this matter but the more pertinent matters involve Plaintiff's failure to meet deadlines set for tendering expert witness reports. Plaintiff has had ample time to submit

---

[1] Sea Mild attaches as Exhibit "A," preliminary pre-trial conference scheduling order.

[2] Sea Mild attaches as Exhibit "B," Original Petition for Damages, ¶ II.

[3] Sea Mild attaches as Exhibit "C," pacer procedural history.

expert reports as the trial date in this matter has been continued numerous times, and Plaintiff has filed numerous motions requesting extensions for expert report deadlines.

**A. The Motions for Continuance of Pre-Trial Conference and Trial Dates**

By way of background, Plaintiff has filed numerous motions for continuances regarding the pre-trial conference and trial dates. The dates on which Plaintiff filed these motions are as follows: Plaintiff filed his first motion for a continuance on September 11, 2000 and again filed a motion for continuance on August 5, 2002.[4] On January 23, 2003, Plaintiff filed a motion for continuance regarding the pre-trial conference date, trial date, and requested the case be closed for statistical reasons.[5] On March 5, 2003, Plaintiff then filed the proper motions to have the case reopened, however, again on December 16, 2003, Plaintiff filed another motion requesting continuance of the pre-trial conference and trial dates.[6]

**B. Plaintiff's Motions to Extend Expert Report Deadlines**

Plaintiff has also filed numerous motions requesting extensions of time regarding extending expert report submission deadlines. Plaintiff first filed a motion to extend expert report deadlines on July 7, 2000.[7] Plaintiff again requested from this Court extensions of time to tender expert reports on August 20, 2004, and on September 20, 2004, for the extension of the deadline for liability expert reports.[8] However, even with all of the extensions of time granted by this Court, Plaintiff has failed

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

to tender any expert reports whatsoever in this matter. In contrast, on August 2, 2002, approximately three years ago, Sea Mild timely tendered to Plaintiff the expert reports of Doctor Robert Steiner and Technical Maritime Associates, without requesting any extensions of time regarding said reports.[9]

Sea Mild has also propounded discovery requests to Plaintiff, some of which seek the identity and content of expert witnesses and their reports.[10] However, Plaintiff never responded to Sea Mild's discovery requests. Plaintiff did tendered to Sea Mild the medical records of Plaintiff's treating physician Doctor John Watermeier; however, Dr. Watermeier's medical records do not comply with this Court's December 16, 2004, Pre-Trial Order or the expert disclosure requirements of Rule 26(a)(2)(B).[11] As a result, this Court should not allow Plaintiff to introduce any expert witness testimony at trial.

## III. LAW AND ARGUMENT

Plaintiff was required to submit expert reports by the deadline set in this Court's December 16, 2004, Pre-Trial Conference scheduling order by May 6, 2005 as follows:

> "Written reports of experts, **including treating physicians**, who may be witnesses for plaintiff fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for defendant as soon as possible, **but in no event later than June 6, 2005**."

With respect to this matter, plaintiff has submitted none of this information.

---

[9] Sea Mild attaches as Exhibit "D," correspondence from undersigned counsel tendering Sea Mild's expert reports.

[10] Sea Mild attaches as Exhibit "E," Sea Mild's interrogatories, No. 4, and request for production of documents, No. 4-5, propounded to Plaintiff.

[11] Sea Mild attaches as Exhibit "F," reports and medical records of Dr. John Watermeier proffered by Plaintiff.

Under Federal Rule of Civil Procedure 26(a)(2)(A) a party "shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."[12] Under Federal Rule of Civil Procedure 26(a)(2)(B) a witness who is retained to provide expert testimony in a case must submit a written report prepared and signed by the witness. The report must contain: 1) a complete statement of all opinions to be expressed and the basis and reasons therefor, 2) the data or information considered in forming the opinions, 3) any exhibits to be used, 4) the qualifications of the witness, 5) a list of all publications by the witness within the preceding ten years, 6) the compensation to be paid to the witness, and 7) a list of all cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.[13] As stated, however, Plaintiff to this date has failed to proffer any reports meeting the requirements of Rule 26(a)(2)(B) by the May 6, 2005, deadline set by this Honorable Court at the December 16, 2004, Preliminary Pre-Trial Conference.

Plaintiff may attempt to argue that the medical records of Dr. John Watermeier, which were tendered to Sea Mild, qualify as "expert reports;" however, those records do not meet the above listed requirements of Rule 26(a)(2)(B) as they are simply reports from patient examinations of the Plaintiff and other general medical records.[14] These reports and records do not contain statements of all opinions to be expressed and the basis therefor, nor do they contain the qualifications of the witness, a list of publications, the compensation to be paid to the witness, or a list of all cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

---

[12] Fed.R.Civ.P 26(a)(2)(A).

[13] Fed.R.Civ.P 26(a)(2)(B).

[14] Exhibit "F," reports and medical records of Dr. John Watermeier proffered by Plaintiff.

Also, Plaintiff must prove by a preponderance of the evidence that his alleged right shoulder and lower back injuries were caused by the January 15, 1999, accident.[15] However, Plaintiff fails to offer any medical causation evidence that he injured his right shoulder and lower back on January 15, 1999. First, when his accident occurred, Plaintiff only complained of minor cuts to his right cheek and right hand and upon leaving work on January 15, 1999, Plaintiff allegedly sought walk-in treatment at the Marine Medical clinic, where he only complained of minor cuts and possible glass shards in his eye; however, he never complained of right shoulder or lower back pain.[16] Second, Plaintiff sought no further medical treatment until January 25, 1999, when he went to see Dr. John Watermeier and complained of right shoulder and low back pain.[17] Third, as per the attached medical records that Plaintiff has proffered, there is no medical evidence that plaintiff's alleged shoulder and back condition is causally related to the January 15, 1999, accident.[18]

Sea Mild expects that Plaintiff will attempt to have Dr. Watermeier testify at trial as an expert regarding the cause of Plaintiff's medical injuries as well as Plaintiff's ability to return to work as a crane operator. However, the reports and medical records of Dr. Watermeier do not comply with the expert report requirements in that they do not comply with this Court's December 16, 2004, Pre-Trial Conference Order and Federal Rule of Civil Procedure 26(a)(2)(B).[19] Allowance of these

---

[15] *See, e.g.*, 5th Circuit Pattern Jury Instructions Section 4.8 (Civil 2004).

[16] Sea Mild attaches as Exhibit "G," Plaintiff's Deposition, p. 39, ll. 25; p. 40, ll. 1-14; p.41, ll. 13-25.

[17] Exhibit "G," Plaintiff's Deposition, p. 43, ll. 13-18; p. 44, ll. 11-25; p.45, ll. 1-3.

[18] Exhibit "F," reports and medical records of Dr. John Watermeier proffered by Plaintiff.

[19] Exhibit "F," reports and medical records of Dr. John Watermeier proffered by Plaintiff.

medical records as expert testimony would deal with medical opinion that "extends beyond the facts made known to the physician during the course of the care and treatment of the Plaintiff" such that expert reports are required.[20] Had Plaintiff complied with the expert report requirements of the Court's December 16, 2004, Preliminary Pre-Trial Scheduling Conference, this would have allowed undersigned counsel an opportunity to review these reports, and, thereafter, attempt exclude them before trial for not withstanding *Daubert* scrutiny.[21] Plaintiff, however, did not. So, Plaintiff should not be allowed to attempt to proffer at trial for the first time any testimony on the issue of medical causation for Plaintiff's alleged right shoulder and lower back condition or his ability to return to work as a crane operator.

Also, Sea Mild has propounded discovery requests in the form of interrogatories and requests for production of documents, requesting the identity of any witness to be called as experts and requesting production of those witnesses reports.[22] Plaintiff, however, has not only failed to meet the deadline for expert reports, but has also failed to answer any discovery propounded by Sea Mild whatsoever, including discovery aimed at determining which witnesses Plaintiff intends to use at trial as experts. Under Federal Rule of Civil Procedure 37(c)(1), a party which without substantial

---

[20] *Benoit v. Nintendo of America*, 2001 WL 1524510 (E.D.La.)(citations omitted).

[21] The same is true of any other physicians who have treated plaintiff. If they seek to proffer opinions regarding their treatment of plaintiff, then plaintiff's counsel should have obtained expert reports from them that comply with Rule 26 so that Sea Mild can challenge them, as appropriate, under *Daubert*. Plaintiff, however, did not. Therefore, any proffered opinions of plaintiff's other treating physicians should also be excluded.

[22] Exhibit "E," Sea Mild's interrogatories, No. 4, and request for production of documents, No. 4-5, propounded to Plaintiff.

justification fails to disclose a witness as required by Federal Rule of Civil Procedure 26 shall not be allowed to call that witness at trial unless the failure is harmless.[23]

In this case, Plaintiff has never responded to Sea Mild's discovery whatsoever, including questions directed specifically at matters regarding expert witnesses and expert reports, more specifically, Interrogatory No. 4 and Request for Production of Documents No.'s 4 &5.

**Interrogatory No. 4:**

> Please state whether you intend to call any **expert witnesses** to testify at the trial of this case and identify each witness by name and current address, and with respect to each expert witness, please state the following:
>
> a. His or her field of expertise;
> b. His or her substantive facts and opinions; and
> c. A summary of the grounds of each opinion.

**Request for Production No. 4:**

> Any and all **expert reports** and, in addition, any documents used in formulating such expert reports including, but not limited to, correspondence, memoranda, reports, and data sheets.

**Request for Production No. 5:**

> Any and all medical records and/or reports of doctors and hospitals, including, but not limited to, **expert reports**, correspondence, notes, test results, discharge summaries, X-rays, charts, and surgery reports relating to all accidents or injuries at any time suffered by plaintiff.

Nor has Plaintiff ever set forth as requested the opinions and facts/basis therefore of any possible expert witnesses or any expert reports from any possible expert witnesses as requested in Sea Mild's discovery requests. Consequently, Plaintiff should not be allowed to introduce any witnesses as experts in this matter, as there is nothing to indicate that these witnesses are competent to testify as

---

[23] Fed.R.Civ.P 37(c)(1).

experts, and Sea Mild has never been afforded a fair opportunity to test the veracity of any potential proffered expert testimony of these possible witnesses in advance of trial as Sea Mild is entitled to do under the Federal Rules of Evidence.

For these reasons, solely out of an abundance of caution that Plaintiff might attempt to proffer witnesses as experts (as opposed to lay witnesses), Sea Mild respectfully submits that this Honorable Court should enter an order excluding Plaintiff from introducing any expert testimony in the trial of this matter.

## IV. CONCLUSION

Plaintiff has requested and been granted by this Court more than ample time to tender expert witness reports in this case. However, Plaintiff has failed to meet this Court's May 6, 2005 deadline for submitting expert reports even after being granted numerous continuances and extensions of time. Plaintiff has also failed to respond to Sea Mild's discovery requests. Therefore, this Honorable Court should exclude Plaintiff from introducing any and all expert witness testimony and/ or evidence at trial.

Respectfully submitted,

PHELPS DUNBAR LLP

By: ______________________________

James H. Roussel (Bar No. 11496)
Evans Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

ATTORNEYS FOR SEA MILD SHIPPING, INC., COSCO BULK CARRIERS CO., LTD., AND THE WEST OF ENGLAND SHIPOWNERS INSURANCE SERVICES LTD.

CERTIFICATE OF SERVICE

I hereby certify that I have on this 28th day of June, 2005, served a copy of the foregoing on all counsel of record via facsimile and/or the United States Postal Service, properly addressed and postage prepaid.

______________________________

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC.** | * | **SECTION "B"** |
| * * * * * * * | * | **MAGISTRATE: (5)** |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that undersigned counsel for Sea Mild Shipping, Inc. ("Sea Mild Shipping"), COSCO Bulk Carriers Co., Ltd. ("COSCO"), and The West of England Shipowners Insurance Services Ltd. ("West of England"), known collectively as, ("Sea Mild"), will bring the attached Motion in *Limine* for hearing on July 20, 2005 at 9:00 o'clock a.m., before the Honorable Ivan R. Lemelle, United States District Judge for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana.

Respectfully submitted,

PHELPS DUNBAR LLP

By: ______________________________

James H. Roussel (Bar No. 11496)
Evans Martin McLeod (Bar No. 24846)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

ATTORNEYS FOR SEA MILD SHIPPING, INC., COSCO BULK CARRIERS CO., LTD., AND THE WEST OF ENGLAND SHIPOWNERS INSURANCE SERVICES LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 28th day of June, 2005, served a copy of the foregoing on all counsel of record via facsimile and/or the United States Postal Service, properly addressed and postage prepaid.

______________________________

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-106** |
| **HYUNDAI MERCHANT MARINE (AMERICA), INC., ET AL.** | * | **SECTION "B"** |
| | * | **MAGISTRATE (5)** |

**ORDER**

Considering Sea Mild Shipping, Inc. ("Sea Mild Shipping"), COSCO Bulk Carriers Co., Ltd. ("COSCO"), and The West of England Shipowners Insurance Services Ltd. ("West of England"), known collectively as, ("Sea Mild")'s Motion in Limine:

IT IS HEREBY ORDERED that the Motion in Limine filed by Sea Mild, be and hereby is GRANTED.

New Orleans, Louisiana, this ________ day of July, 2005.

______________________________
UNITED STATES DISTRICT COURT JUDGE

NO:99541025.1

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED