

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 14  PM 12: 44

LORETTA G. WHYTE
        CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARNEY NEYLAND** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER:   00-106** |
| | * | |
| **HYUNDAI MERCHANT MARINE** | * | **SECTION: "B"** |
| **(AMERICA), INC.** | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | **MAGISTRATE:  (5)** |

### MEMORANDUM IN OPPOSITION TO
### MOTION IN LIMINE

MAY IT PLEASE THE COURT:

This case is an older case in my office and probably on the court's docket. Since this case came into my office, I experienced a change in staff at the beginning of 2004. My office now has all new staff except one employee who has been with my firm going on fifteen years. Apparently, the reports of Dr. Gorman and John Theriot, despite that they were written on December 17, 2002 and January 16, 2003, respectively, were not sent to defense counsel by the paralegal handling the case with me when the reports were originally issued. Unfortunately, I was under the belief that said reports were sent to defense counsel because the rule in my office is that all reports are sent out regardless of expert deadline upon receipt from the experts used in the case. It appears the reports were mistakenly not sent. I have sent the reports to defense counsel as of June 29, 2005. Defense counsel is not prejudiced at this stage and I have offered to allow my client to see a vocational expert and have advised I would not object to any economist report at this stage.

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No.____
```

I have been practicing in federal court now since 1984 and believe I have established a good reputation for being diligent, competent and timely in following the federal court's rules, scheduling orders and procedures. I would ask the court to not strike these experts and their reports and allow defendants to obtain counter experts.

Finally, as to the reports of Dr. Watermeier, defendants have suffered no prejudice by not having listings of depositions given, trials he has testified in and/or what law firms have retained him as an expert. Certainly, defendants probably already have possession of this information from other cases involving Dr. Watermeier. Dr. Watermeier's reports address complainant's injuries, disability and prognosis. Counsel for complainant would ask that defendants' motion be denied and that defendants be given the opportunity to utilize counter experts to complainant's.

Respectfully submitted,

DISCON LAW FIRM, L.L.C.

BY: _____
THOMAS M. DISCON, T.A. #14219
JOHN G. DISCON, #4961
SCOTT G. DISCON, #20167
424 N. Causeway Boulevard, Suite A
Mandeville, Louisiana 70448
Telephone: (985) 674-9748
Attorneys for Complainant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, this 14th day of July, 2005.

_____
THOMAS M. DISCON